# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN RAMOS,

    Plaintiff,

vs.                                                                                          No. CIV 17-0120 JB/GBW

RICARDO MARTINEZ, WARDEN,
DR. NARANJO, and
DR. BRUCE R. BOYTON (MED. DIR.)
CONCORDIA INSURANCE, MISSISSIPPI,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 23, 2017 (Doc. 1)("Complaint"). The Court will dismiss Plaintiff John Ramos' federal civil rights claims for failure to state a claim and for lack of § 1983 jurisdiction, and will decline to exercise supplemental jurisdiction over any state law claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Ramos filed his Complaint against Defendants Warden Ricardo Martinez, Dr. Naranjo, and Dr. Bruce R. Boyton (Med Dir.) Concordia Insurance, Mississippi. See Complaint at 1-2. Ramos asserts constitutional claims under the Eight and Fourteenth Amendments to the Constitution of the United States of America, and medical negligence claims, arising out of a broken thumb. See Complaint ¶ C1, at 4-5. Ramos seeks relief "[f]or pain and suffering $100,000. For negligence by Dr. Naranjo and Dr. Bruce R. Boynton, Concordia Insurance Medical Director $150,000." Complaint ¶ E1, at 6. In support of his claims, Ramos alleges:

> Dr. Naranjo examine my left thumb without physically touching me/my hand. Dr. Naranjo stated he didn't think it was broken! On 7 Jul, 016, I was Xrayed. Until 20 Jul, 016, Dr. Naranjo basically forgot I existed. On 20 Jul, 016, I again saw Dr. Naranjo who kept repeating "Fuck, Fuck, Fuck!" He ordered me transported to El Paso Medical Center (UMC), where I was examined by a Dr. Van T. Dr. Van T stated it was a simple fix if it had been fixed immediately! Dr. Van T send/sent back PT order for my thumb. On 6 Oct, 016, I was again Xrayed. On 4 Nov, 016, I again saw Dr. Naranjo who informed me that a Dr. Boyton, Concordia Insurance, Mississippi, was disapproving my PT. On 15 Nov, 016, I was again transported to UMC, saw a Dr. Gonzales, who again ordered PT! On 21 Dec, 016, more Xrays, on 27 Dec, 016, saw a Dr. Borrejo who stated that "PT was a waste of time and money!"

Complaint ¶ C2, at 4 (capitalization and spelling as in original).

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

The court has the discretion to dismiss a pro se complaint for failure to state a claim upon which relief may be granted under rule 12(b)(6) of the Federal Rules of Civil Procedure. A court should dismiss a claim where it is legally or factually insufficient to state a plausible claim for relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)("Twombly"). Under rule 12(b)(6), a court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Courts liberally construes the factual allegations in reviewing a pro se complaint. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Courts judge a pro se plaintiff's pleadings by the same legal standards that apply to all litigants, however, and a pro se plaintiff must abide by the court's applicable rules. See Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th

Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

## LAW GOVERNING CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(stating that § 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

A state is not a "person" within the meaning of 42 U.S.C. § 1983, and, therefore, there is no remedy against states under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989). Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)(quotation marks omitted). It does not abrogate the states' sovereign immunity, and the states, their agencies, and their officials who are sued solely in their official capacity do not qualify as "persons" under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. at 67, 71.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights which the Constitution of the United States secures. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48

(1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under § 1983. See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Ramos must allege some identified official's personal involvement in the alleged constitutional violation to succeed under § 1983. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). To hold private entities acting under color of state law or county entities liable under § 1983, a plaintiff must allege a policy or custom, and a direct causal link between the policy or custom and the injury alleged. See Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993); Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010).

In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in the original). Nor do generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

## LAW REGARDING ACTION UNDER COLOR OF STATE LAW

Under § 1983, liability attaches only to conduct occurring "under color of law." Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" Nat'l Collegiate Athletic Ass'n

v. Tarkanian, 488 U.S. 179, 191 (1988)(quoting Monroe v. Pape, 365 U.S. 167, 172 (1961)). Accordingly, the conduct that constitutes state action under the Fourth Amendment and the Fourteenth Amendment to the Constitution of the United States necessarily constitutes conduct "under color of law" pursuant to § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982); Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981).

A showing that the defendants were acting "under color of state law" is a jurisdictional prerequisite for a § 1983 action. Polk Cty. v. Dodson, 454 U.S. at 315. The only proper defendants in a § 1983 claim are state officials. See Gallagher v. Neil Young Freedom Concert, 49 F.3d at 1447. To establish subject-matter jurisdiction for a civil rights action, the plaintiff must show that the defendant acted under color of state law. See 28 U.S.C. § 1343(3).

### LAW REGARDING EIGHTH AMENDMENT CLAIMS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

The Eighth Amendment protects against the infliction of cruel and unusual punishments. See U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. See Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008)(citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain that the Eighth Amendment proscribes. Prison doctors may manifest deliberate indifference in their response to a prisoner's needs, and prison guards may manifest deliberate indifference by intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. "Regardless of how evidenced, deliberate indifference to a

prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. at 105.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation and citation omitted). The question extends to whether the potential harm to the inmate is sufficiently serious. See Mata v. Saiz, 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). See also Self v. Crum, 439 F.3d at 1230-31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(internal citation and quotation omitted). With regard to the subjective component, the court considers whether there were "symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009)(quoting Mata v. Saiz, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm, but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. See Howard v. Waide, 534 F.3d at 1239-40.

Prison officials who knew of a substantial risk to inmate health or safety may be found free from liability, however, if they responded reasonably to the risk, even if the harm ultimately was not averted. Howard v. Waide, 534 F.3d at 1239 (quoting Farmer v. Brennan, 511 U.S. at 844-45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment. See Estelle v. Gamble, supra, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. See, e.g., Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. See Taylor v. Ortiz, 410 F. App'x 76, 79 (10th Cir. 2010)(unpublished).[1]

## ANALYSIS OF PLAINTIFF RAMOS' CLAIMS

The Court will dismiss Ramos' Complaint. The Court will dismiss the Complaint because it does not allege any claim against Martinez, because Boynton did not act under color of state

---

[1]Taylor v. Ortiz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds Taylor v. Ortiz has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

law, and because the complaint does not state a constitutional claim for deliberate indifference. The Court declines to exercise supplemental jurisdiction over Ramos' remaining claims.

**I.     THE COMPLAINT DOES NOT ALLEGE ANY CLAIM AGAINST MARTINEZ.**

Ramos names Martinez as a Defendant in this case. See Complaint ¶ 2, at 1. The Complaint's sole allegations against Martinez state: "Martinez is and remains the Warden of Otero County Prison. Warden Martinez by law is directly responsible for everything that occurs in this prison." Complaint ¶ 2, at 1. The Complaint contains no allegation of individual conduct or violation of any constitutional right by Martinez.

Ramos does not assert acts by Martinez under color of law that resulted in a deprivation of rights secured by the Constitution. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. at 48. Ramos does not set out any factual allegations showing a connection between any official conduct by Martinez and violation of a constitutional right. In the absence of any conduct connected to a constitutional violation, Ramos does not have an actionable claim against Martinez under § 1983. See Trask v. Franco, 446 F.3d at 1046.

Further, Ramos may not maintain a civil rights action against Martinez based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. Ramos has not pled that Martinez, through his own individual actions, violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. at 676. Ramos' Complaint, therefore, does not state any § 1983 claim for relief against Warden Martinez. See Ashcroft v. Iqbal, 556 U.S. at 676. In the absence of any allegation by Ramos of some personal involvement by Martinez in the alleged constitutional violation, Ramos cannot succeed under § 1983. See Fogarty v. Gallegos, 523 F.3d at 1162.

## II. BOYTON DID NOT ACT UNDER COLOR OF STATE LAW.

In his Complaint, Ramos alleges that Dr. Bruce R. Boyton is the Medical Director of Concordia Insurance located in Mississippi. See Complaint ¶ B.1, at 2. Ramos claims that Dr. Boyton, acting on Concordia Insurance's behalf, violated his rights by failing to approve physical therapy for his thumb. See Complaint ¶ C.2, at 5. Although the Complaint alleges that other Defendants were acting under color of state law, the Complaint contains no allegation of state action by Dr. Boyton. See Complaint ¶ B.1, at 1-2.

The Complaint's allegations do not establish that Dr. Boyton engaged in conduct under color of law for § 1983's purposes. See Lugar v. Edmondson Oil Co., 457 U.S. at 935; Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). The Complaint does not allege that Dr. Boyton exercised power possessed by virtue of state law and made possible only because Dr. Boyton is clothed with the authority of state law. See Polk Cty. v. Dodson, 454 U.S. at 317-18.

A showing that Dr. Boyton was acting under color of state law is a jurisdictional prerequisite for a § 1983 action against him. See Polk Cty. v. Dodson, 454 U.S. at 315. Dr. Boyton, therefore, is not a proper defendant in a § 1983 claim. See Gallagher v. Neil Young Freedom Concert, 49 F.3d at 1447. The Complaint does not state a claim against and the Court lacks § 1983 jurisdiction over Dr. Boyton.

## III. THE COMPLAINT DOES NOT STATE A CONSTITUTIONAL CLAIM FOR DELIBERATE INDIFFERENCE TOWARD SERIOUS MEDICAL NEEDS.

Ramos asserts claims under the Eighth and Fourteenth Amendments, arguing that Dr. Naranjo's medical care caused Ramos' thumb to heal improperly. See Complaint ¶ B.1, at 2. Although Ramos cites the Fourteenth Amendment, his claims relating to prison officials' indifference toward his medical needs proceed under an Eighth Amendment analysis. Estelle v.

Gamble, 429 U.S. at 104-05. Ramos repeatedly characterizes the care and treatment that Dr. Naranjo provided as "negligent." Complaint ¶ B.1, C.2, E.1, at 2, 5, 6.

With regard to the objective component of an Eighth Amendment deliberate indifference claim, it is debatable whether Ramos' broken thumb is a serious medical condition as the Eighth Amendment analysis contemplates. See Mata v. Saiz, 427 F.3d at 752. The Court, however, need not decide the question because, as is set out, below, the Complaint's allegations do not establish the second, subjective, prong of deliberate indifference by prison officials. See Hunt v. Uphoff, 199 F.3d at 1224.

For the subjective prong's purposes, the Complaint's allegations do not demonstrate that Dr. Naranjo had a sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. at 834. See also Self v. Crum, 439 F.3d at 1230-31. Ramos' allegations that Dr. Naranjo did not act sufficiently quickly in diagnosing and treating his thumb do not establish that Dr. Naranjo knew Ramos faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. See Hunt v. Uphoff, 199 F.3d at 1224; Martinez v. Beggs, 563 F.3d at 1089. Moreover, the negligent diagnosis or treatment as alleged by Ramos does not constitute a medical wrong under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 105-06. The Complaint's allegations do not state a claim that Dr. Naranjo, or any other prison official, was deliberately indifferent toward Ramos' serious medical needs in violation of the Eighth or Fourteenth Amendment. See Howard v. Waide, 534 F.3d at 1239-40.

Further, the record reflects that Doctors Naranjo, Van T., Borrego, and Boyton disagreed as to the diagnosis of the broken thumb and treatment to be given to Ramos. See Complaint ¶ B.1, at 2-3. The difference of opinion between the doctors as to the diagnosis and treatment of his broken thumb does not support a claim of cruel and unusual punishment. See Smart v. Villar, 547

F.2d at 114; Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d at 1222. Further, that Ramos disagrees with the diagnosis or prescribed course of treatment does not mean there is a constitutional violation. See Taylor v. Ortiz, 410 F. App'x at 79. The Complaint does not state a § 1983 claim for deliberate indifference toward serious medical needs. Estelle v. Gamble, 429 U.S. at 105-06; Howard v. Waide, 534 F.3d at 1239.

## IV.     THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION.

As set out above, Ramos characterizes the medical care and treatment in this case as "negligent." Complaint ¶ B.1, C.2, E.1, at 2, 5, 6. Ramos does not cite to any provisions of New Mexico law, but medical negligence is generally considered to be a state tort cause of action. See e.g., Roberts v. S.W. Cmty. Health Servs., 1992-NMSC-042, ¶ 26, 837 P.2d 442, 450.

Within the supplemental jurisdiction that 28 U.S.C. § 1367 grants, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. See 28 U.S.C. § 1367(c). Under § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. See Osborn v. Haley, 549 U.S. 225, 245 (2007); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, (2006).

The Supreme Court of the United States has stated that needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. See United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. See Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011); Smith v. City of Enid ex rel. Enid City Comm'n,

149 F.3d 1151, 1156 (10th Cir.1998); Young v. City of Albuquerque, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014)(Browning, J.).

This Court is dismissing all federal claims in this case. To the extent that the Complaint can be construed as alleging medical negligence claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Ramos' state law claims and dismisses those claims without prejudice. See Osborn v. Haley, 549 U.S. at 245.

**IT IS ORDERED** that: (i) all claims under 42 U.S.C. § 1983 in the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 23, 2017 (Doc. 1), are dismissed with prejudice; and (ii) any state law claims asserted by Ramos are dismissed without prejudice to refiling in state court.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

John D. Ramos
Albuquerque, New Mexico

    *Plaintiff pro se*